# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

_____
)
PETER ACKERMAN, and                                      )
                                                          )
INTERNATIONAL CENTER                                      )
ON NONVIOLENT CONFLICT,                                   )
                                                          )
            Plaintiffs/Counterclaim Defendants,  )
                                                          )
v.                                                        )
                                                          ) Case No. 1:16-CV-02052 RDM/GMH
STEVEN YORK,                                              )
                                                          )
MIRIAM ZIMMERMAN, and                                    )
                                                          )
YORK ZIMMERMAN INC.,                                     )
                                                          )
            Defendants/Counterclaimants.          )
_____)


**DEFENDANTS' MEMORANDUM IN OPPOSITION TO**
**<u>PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT</u>**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................. 2

ARGUMENT ....................................................................................................................... 4

      I.      The Proposed Amendment is Futile as a Matter of Law ........................................ 4

      II.     Defendants are Prejudiced by Amendment After Close of Party Fact Discovery .. 7

CONCLUSION ................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Abdullah v. Washington,*
    530 F. Supp. 112 (D.D.C. 2008) ...........................................................................................7

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ...............................................................................................................4

*Atchinson v. District of Columbia,*
    73 F.3d 418 (D.C. Cir. 1996) ............................................................................................1, 6

*Becker v. District of Columbia,*
    258 F.R.D. 182 (D.D.C. 2009) ............................................................................................7

*\*Community for Creative Non-Violence v. Reid,*
    490 U.S. 730 (1989) ...........................................................................................................4, 5

*In re Interbank Funding Corp. Securities Litigation,*
    629 F.3d 213 (D.C. Cir. 2010) .............................................................................................4

*Pierce v. Mattis,*
    256 F. Supp. 3d 7 (D.D.C. 2017) .........................................................................................1

**Statutes**

17 U.S.C. § 101 ........................................................................................................................5, 6

26 U.S.C. § 220 ............................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 15 ...................................................................................................................2, 4, 6

**INTRODUCTION**

Defendants Steven York, Miriam Zimmerman, and York Zimmerman Inc. (collectively, "Defendants" or "YZI") oppose the Motion to Amend the Complaint submitted by Plaintiffs Peter Ackerman and the International Center on Nonviolent Conflict. This motion is Plaintiffs' second attempt to salvage this action by adding claims. However, even at this late date, Plaintiffs did not articulate claims that can produce the relief Plaintiffs seek—ownership of documentary films and related materials created by Defendants. It is clear that Plaintiffs' second proposed amendment will simply drive up costs in a never-ending litigation based on an unmistakably futile work-for-hire claim. Plaintiffs filed their initial complaint on October 14, 2016 alleging co-ownership of the disputed work based on a long-term collaboration between the parties; now, over a year later, Plaintiffs assert for the first time that Defendants were employees of Mr. Ackerman and ICNC (although ICNC did not even exist at the outset of the parties' relationship) all along. This assertion simply has no bearing in fact and is unsupported by the leading case law in this jurisdiction.

Leave to amend a pleading should not be granted where amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, creates undue delay, or movant repeatedly fails to cure deficiencies by amendments previously allowed. *Atchinson v. District of Columbia*, 73 F.3d 418, 425-26 (D.C. Cir. 1996), quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion to amend may be denied on any one of these grounds. *See Pierce v. Mattis*, 256 F. Supp. 3d 7, 12 (D.D.C. 2017). Plaintiffs' motion should be denied on either ground that the amendment is futile or the amendment causes prejudice to Defendants as party fact discovery has closed.

1

Plaintiffs' motion is futile because the additional work-for-hire claim would not survive a dispositive motion and is simply unsupported by the facts contained in the Proposed Second Amended Complaint.  Moreover, Plaintiffs' additional claims are based on facts involving the parties to this action, but party fact discovery has already closed.  Such late amendment would prejudice Defendants because Defendants did not have the opportunity to assess the impact of these claims to the same extent as those actually plead.

While Rule 15 embodies a liberal standard, amendments should be permitted only when "justice so requires."  Fed. R. Civ. P. 15(a)(2).  Plaintiffs' motion does not explain, nor could it, why "justice" requires the proposed second amendment after the close of party fact discovery and as the parties have agreed to enter mediation.

## BACKGROUND

Mr. Steven York and Ms. Miriam Zimmerman have worked in the film production industry for several decades and own their production company, York Zimmerman Inc. (formerly York Associates Television Inc.).  Prior to working with Plaintiffs, Mr. York led an illustrious career alongside Ms. Zimmerman creating and producing multiple well-known and award-winning films.  Ms. Zimmerman in her own right also worked in the film industry as a researcher and producer in addition to managing staff and operations for YZI.

In the 1990s, Mr. Ackerman, in concert with Mr. Jack DuVall, sought out a filmmaker to transform Mr. Ackerman's book to a documentary.  While the book itself could not serve as a basis for a film, Mr. York took the ideas for the events in the book, as well as others to create the documentary series, *A Force More Powerful*.  Defendants contracted with WETA as their producing partner (not with Mr. Ackerman) and with Mr. DuVall through a work-for-hire agreement to assist with administrative and fundraising duties.  Importantly, that work-for-hire

2

agreement benefited Defendants, not Ackerman nor any of his associated entities.  Indeed, the only contract Defendants entered into with Mr. Ackerman is the August 1999 agreement regarding a different work, the ***theatrical version*** of *A Force More Powerful*, over which the parties do not dispute ownership.  It is this agreement that Mr. Ackerman points to as supporting his claim of ownership of the works actually at issue, but the agreement is clear on its face that it applies to the theatrical version of the film which is simply not at issue here.  Mtn. to Amend at 6; *see* Ex. A, August 1999 Agreement.  Moreover, it is clear that this contract governing ownership of the wrong work does not reflect the broader relationship between the parties for many reasons.  First, the agreement lays out the purpose of the work for film festivals and competitions only (not distribution); second, Somerville, LLC (one of Mr. Ackerman's many independent funding entities) has the duty of underwriting the production financially (not Mr. Ackerman nor co-plaintiff ICNC); and third, Somerville, LLC and YZI hold equal ownership in the work (not Mr. Ackerman nor co-plaintiff ICNC) and are required to mutually agree to use of the work.

Contrary to Plaintiffs' assertion that this agreement governed the parties' relationship from 1999 to 2016, Mr. Ackerman and later on ICNC always acted as though Defendants were the owners of the disputed works—works created by Defendants and encompassing stories independent of Mr. Ackerman's book.  Ackerman did so because Defendants are in fact the owners.  Even leading up to this lawsuit, Plaintiffs acknowledged Defendants' sole ownership of the works by asking for a license to stream the works on the Internet for unrestricted streaming and download.  However, Plaintiffs' demands would permit anyone to download, upload, copy, and reproduce the works with unfettered access—rights uncontemplated by Defendants in creating the works and which Defendants were legally unable to assign because of third party

materials in the works.  Instead of negotiating with Defendants or arbitrating under the terms of the August 1999 Agreement, Plaintiffs abruptly filed this litigation.

From the outset of this litigation, Plaintiffs have attempted to outspend Defendants by adding claims whenever Defendants poke holes into Plaintiffs' argument.  Plaintiffs' initial complaint included a copyright-based claim for ownership by contract, but there was no contract. Plaintiffs' first amended complaint included a copyright-based claim for ownership by authorship, but as discovery reiterated, Mr. Ackerman was not a co-author of the films as his contributions are insufficient for co-authorship.  Now, Plaintiffs' second amended complaint includes a copyright-based claim for ownership by work-for-hire, which is meritless, as discussed below.  Plaintiffs also attempt to add claims for breach of contract and negligent misrepresentation.  But Defendants are entitled to know what claims are at issue during the discovery period; this late addition after the close of party fact discovery is prejudicial to Defendants as, understandably, they would have conducted discovery differently with the proposed additional claims in the case.

## ARGUMENT

## I.    The Proposed Amendment is Futile as a Matter of Law

Rule 15(a)(2) permits district courts to give leave to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, a district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss.  *See In re Interbank Funding Corp. Securities Litigation*, 629 F.3d 213, 218 (D.C. Cir. 2010), citing *Foman*, 371 U.S. at 182 (noting that "futility of amendment" is permissible justification for denying a Rule 15(a) motion).  Here, Plaintiffs must have plead sufficient factual content to "allow the court to draw the reasonable inference that the [Defendants] are liable for the misconduct alleged."  *Ashcroft v.*

4

*Iqbal*, 556 U.S. 662 (2009).  However, the Court is not required to accept as true legal conclusions proffered by Plaintiffs.  *Id.*

Plaintiffs base their work-for-hire claim on the factors set forth in *Community for Creative Non-Violence v. Reid*, which notably determined the creator of the work at issue was ***not*** under work-for-hire.  490 U.S. 730 (1989); *see* Mtn. to Amend at 9.  Yet, Plaintiffs fail to allege sufficient factors for the court to infer a work-for-hire relationship, even after suspending disbelief for the purposes of assuming that the allegations of the amended complaint are correct.

Under section 101 of the Copyright Act, work-for-hire can arise out of two ways: work created by an employee within the scope of employment or work specially ordered or commissioned within the terms of a written agreement.  17 U.S.C. § 101.  Plaintiffs allege that Defendants were employees of Mr. Ackerman and ICNC (although ICNC did not exist at the outset of Defendants' relationship with Mr. Ackerman); but this is a legal conclusion.  *See* Second Am. Compl. at 26.  Pursuant to *CCNV v. Reid*, the common-law agency doctrine governs the term "employee" under section 101 of the Copyright Act.  490 U.S. at 739-41.  The Supreme Court squarely rejected the premise that a hiring party's right to control the product of any work creates a work-for-hire relationship.  *Id.* ("The hiring party's right to control the product is simply not determinative.").  Therefore, Plaintiffs' work-for-hire claim turns on whether Defendants were in fact employees of Mr. Ackerman and ICNC.

The *CCNV* Court laid out multiple factors to determine whether a creator was an employee of the hiring party:

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished.  Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the

> hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Id.* at 751-52, citing 26 U.S.C. § 220 (section of the Internal Revenue Code setting forth a nonexhaustive list of factors relevant to determining whether a hired party is an employee). Even taking all factual allegations in the Proposed Second Amended Complaint as true, *see* Second Am. Compl. at 26-27, Plaintiffs' claim that Defendants were employees under section 101 is insufficient for the Court to infer a work-for-hire relationship under *CCNV*. The Supreme Court concluded that control over the work is not dispositive and found all other factors, which Plaintiffs have failed to address, to weigh heavily against finding an employment relationship. Plaintiffs cannot deny that, like the sculptor in *CCNV*, Mr. York is a skilled filmmaker; Defendants supplied their own tools and studio to create the works; Defendants had absolute freedom to decide when, for how long, and for whom they would work; Defendants had total discretion in hiring and paying staff; and Defendants were compensated for the completion of the works as well as other services provided in connection with the works. Moreover, like the hiring party in *CCNV*, Mr. Ackerman and ICNC are not in the business of filmmaking; did not pay payroll or Social Security taxes; did not report or contribute to unemployment insurance or workers' compensation funds; and did not issue federal tax forms to Defendants. None of these facts appear in Plaintiffs' Proposed Second Amended Complaint and thus, Plaintiffs' claim for work-for-hire is implausible on its face.

## II.    Defendants are Prejudiced by Amendment After Close of Party Fact Discovery

Federal Rule of Civil Procedure 15 provides that a party must seek the Court's leave to amend, and that the Court "should freely give leave when justice so requires."  In this case, justice dictates that the proposed amendment be denied.

Plaintiffs' attempt to inject these claims after the close of party fact discovery on October 1, 2017 seriously hampers Defendants' ability to protect their works and themselves.  Leave to amend should be denied when the nonmoving party demonstrates prejudice.  *Atchinson*, 73 F.3d at 425-26.  Whether the amendment will require additional discovery is a significant factor in determining prejudice to the nonmoving party.  *Abdullah v. Washington*, 530 F. Supp. 112, 115 (D.D.C. 2008) (finding prejudice when discovery was closed).  The "real and substantial" burden of discovery amounts to prejudice barring amendment in particular when new discovery would be necessary to rebut the additional claim(s).  *Id.*  Furthermore, when the nonmoving party would have undertaken discovery differently and probed the additional claim(s) during discovery in light of the amendment, the nonmoving party has demonstrated prejudice and the amendment should be denied.  *See Becker v. District of Columbia*, 258 F.R.D. 182, 185-86 (D.D.C. 2009).

If Plaintiffs are allowed to amend their Complaint, Defendants will suffer prejudice. While Plaintiffs contend that discovery requests were broad enough to include documents relating to the additional claims, this does not relieve Defendants' prejudice as those particular questions were not probed during deposition of each of Plaintiffs' witnesses.  Plaintiffs point out to a second fact discovery period as a justification for its amendment; however, at Plaintiffs' request, this Court ordered a party fact discovery period, which closed on October 1, 2017, and a subsequent ***third party*** fact discovery period.  This subsequent third party fact discovery period

does not alleviate Defendants' prejudice as the proposed amendment focuses on facts concerning the parties, not third parties.  Moreover, as Plaintiffs may have had these additional claims in mind during discovery, Defendants would have conducted discovery differently and are entitled to know which claims are in the case and which are not before completing discovery of Plaintiffs' witnesses.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' Motion for Leave to Amend the Complaint be denied.

Respectfully submitted,

Dated:  December 4, 2017

FISH & RICHARDSON P.C.

By:  */s/ Ruffin B. Cordell*
Ruffin B. Cordell (DC Bar No. 445801)
Indranil Mukerji  (DC Bar No. 974398)
Laura C. Whitworth (DC Bar No. 1049136)
**FISH & RICHARDSON P.C.**
The McPherson Building
901 15th St., N.W., 7th Floor
Washington, DC 20005
Phone: (202) 783-5070
Fax: (202) 783-2331
Email: cordell@fr.com

*Counsel for Defendants Steven York, Miriam
Zimmerman, and York Zimmerman Inc.*

8