# Exhibit A



**YORK ZIMMERMAN INC.**

2233 Wisconsin Ave. NW  Suite 502
Washington, D.C. 20007 U.S.A.
Tel 202/337-3291
Fax 202/337-0614
E-mail yorktv@mindspring.com

August 2, 1999

Mr. Peter Ackerman
Mr. Perry Lerner
c/o Crown Capital Group
660 Madison Avenue
New York, NY 10021

Dear Peter and Perry:

This letter outlines the main points of an agreement by which York Zimmerman Inc. (YZI), previously York Associates Television Inc., is working with Peter Ackerman to produce a theatrical documentary film (the Film) based on the television series entitled, "A Force More Powerful," (the Series) which YZI is co-producing with WETA-TV (WETA). This letter expresses our intent to execute a fully-detailed production agreement as soon as possible, incorporating the following provisions:

1. Purpose. Our mutual purpose in producing the Film is to participate in film festivals and competitions, including but not limited to the 1999 Academy of Motion Picture Arts and Sciences Awards. YZI will use its best efforts to produce a film of high quality and award-winning caliber but cannot guarantee that the film will receive any awards or honors at any competition or festival.

2. YZI Duties. YZI will produce, direct, edit, write, and provide all administrative, creative, and technical personnel, services and equipment necessary to complete the Film and deliver projection prints and other materials necessary to complete a seven-day paid-admission theatrical run not later than October 31, 1999 and satisfy all requirements of the Academy for the 1999 Awards competition.

3. Ackerman Duties. Somerville, LLC will underwrite the production financially, and Ackerman will collaborate with YZI on the substance and content of the Film, and coordinate promotion of the Film.

4. Joint Duties. YZI and Ackerman will have joint editorial control of the Film and agree to make themselves available as necessary for approvals of picture lock on or about August 6, 1999, for script lock on or about August 27, 1999, and on other elements, such as music, as necessary.

5. The Film. The Film will be nominally 90 minutes in total running time and will be released under the same title as the Series. The ideas, content, research, and audiovisual materials will be

CONFIDENTIAL

CONFIDENTIAL

drawn principally from the Series. The Film shall consist primarily of three stories: the Indian Independence Movement, the Nashville Sit-in campaign, and the South African anti-apartheid Movement. The Film will be edited using video footage created or acquired for the Series, and completed as a Digital Betacam master and audio mix which will be transferred to 35mm photographic film by the Sony Hi-Definition Center in Los Angeles. An original score for the Film will be composed and recorded by John Keltonic, or such other person as mutually agreed.. YZI and Ackerman agree that the musical themes composed for the Film may also be used in the score for the Series. YZI and Ackerman have further agreed that the Film will be narrated by Ben Kingsley, and that portions or passages of the narration script may be adapted for, or used verbatim, in the narration script for the Series.

6. Budget. YZI has prepared a production budget which has been reviewed and approved on May 29, 1999. The production budget is attached, consisting of two sections. Section 1 contains fixed costs which are payable to YZI irrespective of the actual costs for items in Section 2, which is an estimate of variable costs. Somerville LLC is responsible for payment of the entire amount in Section 1 ($200,301) and for those costs listed in Section 2 which are actually incurred. If at any time during production YZI anticipates that the actual costs described in Section 2 will exceed $370,008, YZI will immediately consult with Somerville LLC and obtain its consent to a revision of the budget. YZI will not spend funds or incur obligations in excess of the total budget ($570,309), without Somerville LLC's approval.

7. Payments and record-keeping. Somerville LLC will make monthly progress payments to YZI as shown in the schedule below, upon receipt of YZI invoices, not later than the 5th business day of each month. The invoice amounts for payments in September and October may be adjusted to reflect actual costs of items in Section 2 of the budget. Funds for production of the Film will not be commingled with other YZI funds. To this end, YZI has opened a segregated bank account exclusively for this production, into which progress payments will be deposited and from which costs will be paid. YZI will provide monthly cost reports with details of the current month and project-to-date totals, and bank statements. YZI will maintain detailed up-to-date books and financial records for the production, which will be open to inspection and audit by Somerville LLC.

| June, 1999 | $ | 120,288 | [paid in full] |
|------------|---|---------|----------------|
| July       |   | 160,152 | [paid in full] |
| August     |   | 99,256  |                |
| September  |   | 102,888 |                |
| October    |   | 87,725  |                |

8. Recognition of WETA's interests.

    a. YZI and Ackerman acknowledge that YZI has executed a co-production agreement for the Series with WETA, and that amendments to this agreement are currently being negotiated by YZI and WETA, and that certain provisions of the agreement envisioned by this letter may be

2

YZI141460

CONFIDENTIAL

YZI141461

affected by the amended YZI-WETA agreement. YZI pledges its best efforts to conclude the amended YZI-WETA agreement as soon as possible and in a way that does not interfere with production of the Film.

    b. Nothing in this YZI-Ackerman agreement may be interpreted in a way that conflicts with YZI's pre-existing obligations to WETA.

    c. YZI, Ackerman and Somerville, LLC acknowledge that WETA has an ownership interest in the materials created for the Series, many which will be used to produce the Film; and that WETA has a further interest in any product bearing the same title as the Series. The parties will propose that WETA shall hold a minority share in ownership of the Film, in a proportion to be negotiated by the three parties. WETA will receive a licensing fee as compensation for the use of original footage created for the Series, in the form of a share of revenue generated by distribution of the film, if any, in a proportion to be negotiated by the three parties  WETA will also share copyright with YZI and Ackerman. .

    d. WETA's name and logo, and the name of WETA's Executive in Charge of Production will be included in the screen credits of the Film.

9. Ownership.  Notwithstanding the ownership provisions with respect to WETA outlined in 7.c, YZI and Somerville LLC will hold an equal majority ownership interest in the Film and will mutually agree on all matters in connection with the exploitation, distribution, and exhibition of the Film, other than showing in festivals and competitions. YZI and Ackerman will hold a joint copyright on the Film.

10. Revenue-Sharing:  In the event the parties mutually agree to make further distribution of the Film and revenue is thereby generated, after distribution costs are reimbursed, the cost of the production, as specified in paragraph 6, shall be reimbursed to Somerville, LLC. Thereafter, the net revenue will be divided equally between YZI and Somerville, after WETA gets the agreed upon minority share.

11. Screen Credits for the Film.  Steve York will be credited as Producer-Director. Peter Ackerman will be also credited as Producer.  Miriam Zimmerman will be credited as Managing Producer.  Jack DuVall  will be credited as Executive Producer. All other production credits will be determined by mutual consent.

12. Distribution beyond Festivals and Competitions.  The Film budget contemplates acquisition of archival footage rights sufficient to exhibit the Film in festivals and competitions but not in regular theatrical distribution. If YZI , Ackerman and Somerville LLC agree to exhibit the Film in regular theatrical distribution, funds must be obtained sufficient to license the rights necessary for such distribution, and YZI will negotiate for and obtain all necessary licensing documents prior to any such release.

CONFIDENTIAL

YZI141462

CONFIDENTIAL

YZI141463

13. <u>Awards.</u> Application for consideration by the Academy of Motion Picture Arts and Sciences will list both Steve York and Peter Ackerman as producers. In the event the Film wins, the two statuettes customarily given by the Academy will go to them. YZI and Ackerman will consult with each other on entering the Film in other film festivals and competitions, however neither YZI or Ackerman will unreasonably withhold consent for the other to enter the Film in any festival or competition.

14. <u>No Joint Venture.</u> YZI, Ackerman and Somerville, LLC do not intend to create a joint venture by this agreement. Each of them will be individually responsible for the payment of all taxes and insurance required by existing laws in connection with their respective participation in the production of the Film.

15. <u>Warranties, Representations, and Indemnities.</u> YZI ,Ackerman and Somerville, LLC warrant and represent to each other that they are willing and able to enter freely into this Agreement, and that they have no other obligations which will prevent them from performing their duties in connection with the Film. YZI and Ackerman agree to indemnify and hold each other harmless against claims, liability, damages or expense for libel, slander, invasion of privacy, unfair competition, misappropriation, trademark, or copyright infringement arising out of their respective contributions to the production.

16. <u>Force Majeure</u>  Neither YZI nor Ackerman nor Somerville, LLC  will be liable for any material breach or delay resulting from events such as acts of God; restrictions on international travel due to war, terrorism, or similar causes; illness of key personnel; strikes; lockouts; fires; riots; or any failure of transportation, power, or similar factor beyond either party's control.  If a material breach or delay occurs as a result of one or more of these events, the party causing the delay must promptly notify the other party, in writing.

16. <u>General Provisions.</u>  The agreement may only be amended or terminated by mutual agreement, in writing. In the event of termination YZI will be compensated for services rendered and costs incurred prior to the date of termination. Any dispute between YZI , Ackerman and Somverille, LLC will be submitted to binding arbitration under the laws of the District of Columbia and the rules of the American Arbitration Association, with any award being final.

We hope this outline is an acceptable basis for the production. If so, please so indicate in the space provided, and we will proceed immediately toward the drafting of a detailed agreement.

YORK ZIMMERMAN INC.

By: _Miriam A. Zimmerman_
      Miriam A. Zimmerman

Date: _Aug 5, 1999_

PETER ACKERMAN

By: _[signature]_
      Peter Ackerman

Date: _August 5, 1999_

4

CONFIDENTIAL

YZI141464

CONFIDENTIAL

YZI141465

SOMERVILLE, LLC

By: _____
Perry Lerner, Manager

Date: _____8-5-99_____

5

CONFIDENTIAL

YZI141466

CONFIDENTIAL

YZI141467